**Dissenting Opinion issued September 26, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00026-CR

———————————

**THE STATE OF TEXAS, Appellant**

**V.**

**EFRAIN MARTINEZ, Appellee**

---

**On Appeal from the County Court at Law No. 3**
**Fort Bend County, Texas**
**Trial Court Case No. 12-CCR-161047**

---

## DISSENTING MEMORANDUM OPINION

Our jurisprudence's deference to magistrates is grounded upon our belief in their careful discernment of all allegations necessary to justify the issuance of a warrant. Because the affidavit for the search warrant lacked any facts about the

identity, credibility or reliability of a source who, at an unspecified time in the past, had an unspecified "suspicion" about the defendant, it failed to contain the necessary allegations that legally establish probable cause to justify the issuance of the search warrant.

I dissent.

The affidavit failed to reveal when the informant received his information and when the wrongdoing described in the affidavit took place. This deficiency rendered the information stale and failed to provide the magistrate a substantial basis from which to determine probable cause. The affidavit not only fails to state that the informant had personal knowledge or firsthand observation of criminal wrongdoing, there was no firsthand evidence or observation of people suspiciously frequenting the house or using drugs. Rather, the affiant provided the magistrate with a conclusory statement from an unidentified informant, which he merely ratified.

Indeed, that the affidavit alleges probable cause of "cocaine" in the defendant's house (when nowhere within the four corners of the affidavit is there evidence as to the presence of cocaine on defendant's premises) is telling evidence that the magistrate signed off on a boilerplate affidavit and warrant unrelated to the facts of this case.

Jim Sharp
Justice

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.

Justice Sharp, dissenting.

Do not publish.   TEX. R. APP. P. 47.2(b).

3